UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | Case No. 3:26 cr 072 |
| **Plaintiff,** | : | I N D I C T M E N T |
| v. | : | |
| | : | 18 U.S.C. § 924(c)(1)(A) |
| **1. QUASAWN TABORN** | : | 21 U.S.C. § 841(a)(1) |
| | : | 21 U.S.C. § 846 |
| **2. D'SHAWN RUSSELL** | : | FORFEITURE |
| | : | |
| **3. LARYAN BROOKS,** | : | THOMAS M. ROSE |
| | : | |
| **Defendants.** | : | |

The Grand Jury charges:

COUNT ONE

[21 U.S.C. §§ 846 and 841(b)(1)(C)]

Between a beginning date unknown, but at least by in or around June 2026, and on or about June 2, 2026, in the Southern District of Ohio, defendants **QUASAWN TABORN, D'SHAWN RUSSELL, LARYAN BROOKS,** and others known and unknown to the Grand Jury, knowingly and intentionally conspired to possess with intent to distribute and to distribute a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

Page **1** of **5**

All in violation of Title 21, United States Code, Sections 846 and 841(b)(1)(C).

## COUNT TWO

[21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C)]

On or about June 2, 2026, in the Southern District of Ohio, defendants **QUASAWN TABORN** and **D'SHAWN RUSSELL**, aiding and abetting each other, knowingly and intentionally distributed a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C), and Title 18, United States Code, Section 2.

Page **2** of **5**

<u>COUNT THREE</u>

[18 U.S.C. §§ 924(c)(1)(A)]

On or about June 2, 2026, in the Southern District of Ohio, defendants **QUASAWN TABORN** and **D'SHAWN RUSSELL,** aiding and abetting each other, knowingly used and carried a firearm during and in relation to a drug trafficking crime for which they may be prosecuted in a court of the United States, namely – knowing and intentional distribution of controlled substances in violation of Title 21, United States Code, Section 841(a)(1), as alleged in Count Two of the Indictment.

In violation of Title 18, United States Code, Sections 924(c)(1)(A), Title 18, United States Code, Section 2, and *Pinkerton v. United States*, 328 U.S. 640 (1946).

## FORFEITURE ALLEGATION ONE

Upon conviction of the offense set forth in Counts One and Two of this Indictment, defendants **QUASAWN TABORN, D'SHAWN RUSSELL**, and **LARYAN BROOKS** shall forfeit to the United States, pursuant to 21 U.S.C. § 853(a), (1) any property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of such violation(s), and (2) any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violation(s).

## FORFEITURE ALLEGATION TWO

Upon conviction of any of the offenses set forth in this Indictment, defendants **QUASAWN TABORN** and **D'SHAWN RUSSELL** shall forfeit to the United States, pursuant to 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c), any firearms and ammunition involved in or used in such violation(s).

SUBSTITUTE ASSETS

If any of the property described above, as a result of any act or omission of the defendants:

    a.    cannot be located upon the exercise of due diligence;

    b.    has been transferred or sold to, or deposited with, a third party;

    c.    has been placed beyond the jurisdiction of the court;

    d.    has been substantially diminished in value; or

    e.    has been commingled with other property which cannot be divided without difficulty,

it is the intent of the United States, pursuant to 21 U.S.C. § 853(p) or as incorporated by 28 U.S.C. § 2461(c), to seek forfeiture of any other property of the defendants, up to the value of the property described above.

A TRUE BILL

_____
Foreperson

DOMINICK S. GERACE II
United States Attorney

_____
ALLISON OSWALL
Special Assistant United States Attorney